THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA M. DAVY, | CASE NO. C22-5938-JCC |
| Plaintiff, | ORDER |
| v. | |
| CROSS CULTURAL COMMUNICATIONS, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to strike. (Dkt. No. 8.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for reasons explained herein.

Plaintiff brings employment discrimination claims, alleging that Cross Cultural Communications, Inc. ("Defendant") violated her constitutional and state rights. (Dkt. No. 1.) Following Defendant's answer, Plaintiff moves to strike, (Dkt. No. 8 at 5), and asks for sanctions (Dkt. No. 14 at 2–3). A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). Such motions are generally disfavored and ordinarily will not be granted absent prejudice to one of the parties or a showing that the matter has no logical connection to the controversy. *Polaris*

ORDER
C22-5938-JCC
PAGE - 1

1   *PowerLED Techs., LLC v. Nintendo Co., Ltd.*, 2022 WL 3646575, slip op. at 2 (W.D. Wash.

2   2022). The moving party bears the burden of satisfying Federal Rule of Civil Procedure 12(f)'s

3   stringent standard. *Id*. Since Plaintiff has proceeded *pro se*, she "must be held to less stringent

4   standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir.

5   2010).[1]

6        In moving to strike Defendant's answer, Plaintiff asserts that Defendant's attorneys are

7   unlicensed. (*See* Dkt. No. 8 at 6.) This is not correct. This Court's bar consists of "those who

8   have been admitted to practice before this court." LCR 83.1(a). The Clerk of the Court grants a

9   petition for admission if an attorney complies with the admission requirements. LCR 83.1(c)(1).

10   An attorney is eligible for admission if they are a member "in good standing of the Washington

11   state bar." LCR 83.1(b). Here, the Defendant's attorneys entered an appearance, (Dkt. Nos. 5, 6),

12   and the Clerk determined they met the requirements for practice before the Court and admitted

13   them. Plaintiff provides no evidence to dispute this finding. Instead, Plaintiff cites legally

14   unsound authorities regarding licensure status. (*See* Dkt. No. 8 at 2–4).[2] Plaintiff also argues that

15   Defendant "failed to establish grounds . . . upon which the court should find cause to dismiss

16   [this case] . . ." and stated "no laws" and "fail[ed] to support" its affirmative defenses "with any

17   laws." (Dkt. No. 8 at 5–7.)  This incorrectly articulates the standard for pleading a general or

18   affirmative defense to survive a motion to strike; Defendant is not required to support its

19   responses or affirmative defenses with legal authority. *See* Fed. R. Civ. P. 8; *Loi Nguyen v.*

20   *Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1057 (C.D. Cal. 2019). Because there is no

21

22

23

---

24   [1] Defendant points out that the length of Plaintiff's motion to strike exceeds the page limit by seven pages. LCR 7(d)(3)–(e)(4). While this is correct, the Court grants *pro se* litigants extra

25   license, therefore the Court will consider the motion to strike in full.

26   [2] "House Bill 1788," for example, was never codified into law. H.B. 1788, 66th Leg., Reg. Sess. (Wash. 2019).

ORDER
C22-5938-JCC
PAGE - 2

1   basis to strike, there is no basis to impose sanctions.[3]

2          For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 8) is DENIED.

3          DATED this 7th day of February 2023.

4

5

6                                        _____

7                                John C. Coughenour
                             UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25   [3] The Court also notes that Plaintiff's request is procedurally deficient. A motion for sanctions must be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). Plaintiff's request for was not filed as a new motion, but as a reply to the motion to strike.

26

ORDER
C22-5938-JCC
PAGE - 3