THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA M. DAVY, | CASE NO. C22-5938-JCC |
| Plaintiff, | ORDER |
| v. | |
| CROSS CULTURAL COMMUNICATIONS, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for judgment on the pleadings (Dkt. No. 19). Having considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Plaintiff brings employment discrimination claims, alleging that Defendant violated her constitutional and state rights. (Dkt. No. 1.) As Defendant explains in its motion, it functions as an intermediary corporation that provides interpreters to clients, primarily in the field of medicine or education. (Dkt. No. 19 at 2.) These interpreters are not employed by the Defendant. (*Id.*) They are merely sub-contracted to the clients. (*Id.*) And, as Plaintiff alleges, she has worked as an independent contractor for the Defendant since August 2009. (Dkt. No. 1 at 9.) During the height of the COVID-19 pandemic, in August 2021, the State of Washington issued a State of Emergency, along with Proclamation 21-14.1, which required all workers at state agencies,

educational settings, and healthcare providers to be fully vaccinated against COVID-19. (*Id.* at 984–996.)

In October 2021, Defendant denied Plaintiff's request to conduct onsite interpretations due to her unvaccinated status. (Dkt. No. 1 at 988.) Defendant explained to Plaintiff that this was due to the vaccine mandate, and that it would continue to allow Defendant to perform virtual appointments. (*Id*. at 998–999.) Defendant then denied Plaintiff's request for a religious exemption on account of her being vegan, and Plaintiff promptly filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC.") (*Id*. at 1001–1002.) The EEOC found no violation against the Defendant, on the grounds that Defendant allowed Plaintiff to conduct remote jobs, and that the requested accommodation would not have caused undue hardship. (*Id*. at 1006.) In response, Plaintiff filed suit with this Court, alleging various employment discrimination claims. (Dkt. No. 1 at 5.) Defendant moves for judgment on the pleadings, asking the Court to dismiss all claims with prejudice. (Dkt. No. 19 at 16.)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). As such, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hansen v. Boeing Co.*, 903 F. Supp. 2d 1215, 1217 (W.D. Wash. 2012) (applying Rule 12(b)(6) plausibility standard to resolve a Rule 12(c) motion). In conducting this analysis, the Court must accept the complaint's factual allegations as true and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

While the Court accepts all factual allegations in the complaint when considering a Rule 12(c) motion, the Court "need not accept as true a legal conclusion presented as a factual

allegation." *Iqbal*, 556 U.S. at 678. Although this pleading standard does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding any "formulaic recitation of the elements of a cause of action," the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678.

All of Plaintiff's claims hinge on a single assertion: that Defendant refused to assign Plaintiff to in-person interpretation jobs because she was unvaccinated. (Dkt. No. 1 at 1005.) Relying on this one fact, Plaintiff filed a 1000-page complaint filled with conclusory claims that Defendant violated her civil, constitutional, and human rights, citing several state and federal employment laws. (*Id*. at 4.) The Court categorically rejects these claims as a matter of law[1] for two reasons. First, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Second, federal courts have already upheld the constitutionality of vaccine mandates. *See Bridges, et al. v. Houston Methodist Hospital*, 2021 WL 2399994, slip op. at 2 (S.D. Tex. 2021). Moreover, Plaintiff has failed to plead any facts that she was treated differently than any other contractor,[2] and the one fact she did plead is insufficient as a matter of law because Courts have upheld the denial of religious exemptions to vaccine mandates. *See Together Employees v. Mass Gen. Brigham, Inc.*,

---

[1] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (Dismissal "can [also] be based on the lack of a cognizable legal theory.")

[2] The Plaintiff alleges that she was discriminated against on account of her being vegan. (Dkt. No. 1 at 1001). However, because Plaintiff did not plead any facts to support this claim, the Court need not consider whether or not this is a protected class for purposes of a discrimination claim.

573 F. Supp. 3d 412 (D. Mass. 2021), *aff'd*, 32 F.4th 82 (1st Cir. 2022); *Does 1-6 v. Mills*, 16 F.4th 20, 35–36 (1st Cir. 2021). Just as the EEOC concluded that no violation can be established against Defendant for adhering to the State vaccine mandate, (Dkt. No. 1 at 1006), the Court finds that the Plaintiff fails to show any plausible claim under the law.

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgement on the Pleadings (Dkt. No. 19) and dismisses Plaintiff's claim with prejudice as further amendment would be futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

DATED this 2nd day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE